## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY PEPE, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>COCRYSTAL PHARMA, INC. F/K/A BIOZONE PHARMACEUTICALS, INC., ELLIOT MAZA, GARY WILCOX, JEFFREY MECKLER, GERALD MCGUIRE, JAMES MARTIN, CURTIS DALE, PHILLIP FROST, BARRY C. HONIG, JOHN STETSON, MICHAEL BRAUSER, JOHN O'ROURKE III, MARK GROUSSMAN, BRIAN KELLER, AND JOHN H. FORD,<br><br>    Defendants. | Case No. 2:18-cv-14091-KM-JBC<br><br>CLASS ACTION |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with all exhibits hereto, the "Stipulation"), fully executed on August 17 2020, which is entered into by and among (i) Lead Plaintiff Andrew Logie ("Logie" or "Lead Plaintiff") and Named Plaintiffs Anthony Pepe ("Pepe") and Scot Scruta ("Scutra" and with Pepe, "Named Plaintiffs" and with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and on behalf of the Settlement Class (as defined herein) and (ii) Cocrystal Pharma, Inc. f/k/a BioZone Pharmaceuticals, Inc. ("Cocrystal" or the "Company"), Elliot Maza ("Maza"), Gary Wilcox ("Wilcox"), Jeffrey Meckler ("Meckler"), Gerald McGuire ("McGuire"), James Martin ("Martin"), Curtis Dale ("Dale"), Phillip Frost ("Frost"), Barry C. Honig ("Honig"), John Stetson ("Stetson"), Michael Brauser ("Brauser"), John O'Rourke III ("O'Rourke"), Mark Groussman ("Groussman"), John H. Ford ("Ford"), Brian Keller ("Keller"), Stetson Capital

Investments Inc. ("SCI"), Grander Holdings, Inc. ("Grander"), ATG Capital LLC ("ATG"), and Melechdavid, Inc. ("Melechdavid," and collectively, "Defendants") by and through their undersigned attorneys, except in the case of Maza and Keller, each of whom is representing himself, states all of the terms of the settlement and resolution of this matter by the Parties and is intended by the Parties to fully and finally release, resolve, and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), and dismiss this action with prejudice, subject to the approval of the United States District Court for the District of New Jersey (the "Court").

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

### A.      The Action

Plaintiff Pepe commenced this action on September 20, 2018, alleging violations of the Securities Exchange Act of 1934. (Dkt. No. 1).

On April 9, 2019, after briefing on motions for lead plaintiff and lead counsel, Logie was appointed Lead Plaintiff and The Rosen Law Firm, P.A. was appointed Lead Counsel. (Dkt. No. 12).

On April 23, 2019, Pepe filed a request for default as to defendants Keller and Stetson (Dkt. No. 18), which the Clerk entered on April 25, 2019.

On April 26, 2019, the Court so ordered a scheduling stipulation setting the deadline for Lead Plaintiff to file an amended complaint and for defendants Cocrystal, Maza, Wilcox, Meckler, McGuire, Martin, Dale, Frost, O'Rourke, Groussman, and Ford to respond thereto. (Dkt. No. 22).

On May 6, 2019, Magistrate Judge James B. Clark, III so ordered a stipulation vacating the default entered as to defendant Stetson. (Dkt. No. 28).

On May 30, 2019, the Court so ordered a stipulation regarding Honig's acceptance of service and Honig's agreement to abide by the schedule entered on April 26, 2019. (Dkt. No. 34).

On June 25, 2019, Plaintiffs filed the operative Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint") (Dkt. No. 37) against Defendants.

Prior to Defendants responding to the Amended Complaint, the Parties, other than Keller agreed to participate in a mediation. On August 22, 2019, the Court so ordered a stipulation providing that SCI and ATG each agreed to accept service of the Amended Complaint and that defendants Cocrystal, Maza, Wilcox, Meckler, McGuire, Martin, Dale, Frost, O'Rourke, ATG, Ford, Stetson, SCI and Honig were not obligated to respond to the Amended Complaint until after the mediation. (Dkt. No. 42).

On August 27, 2019, the Court so ordered a stipulation regarding Melechdavid's acceptance of service of the Amended Complaint and providing that its response to the Amended Complaint will not be due until after the mediation. (Dkt. No. 48).

On October 1, 2019, the Court so ordered a stipulation regarding Grander's and Brauser's acceptance of service of the Amended Complaint and providing that their response to the Amended Complaint would be due on November 11, 2019. (Dkt. No. 55).

On October 21, 2019, the Court so ordered a stipulation staying Grander's and Brauser's deadlines to respond to the Amended Complaint until after the mediation. (Dkt. No. 58).

On November 22, 2019, the Parties, other than Keller, participated in a mediation with Judge Jose Linares (Ret.). The Parties who participated in the mediation continued their settlement

discussions with Judge Linares for several months thereafter.  On May 13, 2020, Judge Linares terminated the mediation.

On May 26, 2020, the Court so ordered a stipulation setting the deadline for Stetson, O'Rourke, Ford, Honig, Groussman, Melechdavid, Frost, Cocrystal, Wilcox, McGuire, Martin, Dale, Meckler, and Maza to respond to the Amended Complaint at June 17, 2020 and a briefing schedule for those defendants' motions to dismiss the Amended Complaint. (Dkt. No. 68).

On May 26, 2020, the Court so ordered a stipulation setting Grander's and Brauser's deadline to move to dismiss the Amend Complaint at June 30, 2020 and a setting a briefing schedule for their motion to dismiss. (Dkt. No. 69).

On June 5, 2020, the Court entered an order extending the deadline for Grander and Brauser to respond to the Amended Complaint by thirty days, to July 30, 2020. (Dkt. No. 70).

On June 8, 2020, the Court entered an order extending the deadline for Stetson, O'Rourke, Ford, Honig, Groussman, Melechdavid, Frost, Cocrystal, Wilcox, McGuire, Martin, Dale, Meckler, and Maza to respond to the Amended Complaint by thirty days, to July 17, 2020. (Dkt. No. 71).

On July 16, 2020, at the request of the Parties, the Court entered an order staying the Action for thirty days so that the Parties may prepare and file preliminary approval papers. (Dkt. No. 73).

### B.    The Settlement

The Parties, other than Keller, attended a mediation with the Hon. Jose L. Linares (Ret.) on November 22, 2019. Prior to the mediation, the Parties, other than Keller, exchanged detailed mediation statements. A settlement was not reached at the mediation, but extensive negotiations continued after the mediation with the assistance of Judge Linares. On May 13, 2020, Judge Linares terminated the mediation.

Thereafter, settlement discussions resumed and, on July 1, 2020, the Parties reached a settlement to resolve the Action and subsequently executed a term sheet.

This Stipulation memorializes the agreement among the Parties to fully and finally settle the Action, to dismiss the Action with prejudice, and to fully release all Released Claims against Defendants and the Released Parties with prejudice in return for the consideration specified herein.

### C.     Defendants' Denials of Wrongdoing and Liability

Throughout the course of the Action, and in this Stipulation, Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever that have been or could have been asserted in the Action. Defendants have also denied and continue to deny, *inter alia*, the allegations and claims that have been or could have been asserted by Plaintiffs, as well as the allegations that Plaintiffs and the Settlement Class have suffered damages and that Plaintiffs and the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit and that the Action itself should not be certified as a class action for purposes of trial and adjudication of liability and damages. Defendants have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Stipulation, and disclaim any and all wrongdoing and liability whatsoever.

Defendants have agreed to enter into this Stipulation solely to avoid the uncertainties, burden and expense of further litigation and to put the Released Claims to rest finally and forever. Nothing in this Stipulation shall be construed as or deemed to be evidence supporting an admission by any of Defendants or any of the Released Parties with respect to any of Plaintiffs' allegations or claims, or of any wrongdoing, fault, liability or damages whatsoever.

### D.   Plaintiffs' Claims and Benefits of Settlement

Plaintiffs believe that the claims asserted in the Action have merit. Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation. In particular, Plaintiffs have considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been or could be asserted by Defendants during the litigation, motion for summary judgment, motion for class certification, and trial. Plaintiffs have therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Plaintiffs (on behalf of themselves and each of the Settlement Class Members) and Defendants (by and through their respective undersigned counsel, except in the case of Maza and Keller) that, subject to the approval of the Court, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Action shall be dismissed fully, finally and with prejudice, and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.   Definitions

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

1.1.   "Action" means the putative securities class action *Anthony Pepe v. Cocrystal Pharma, Inc., et al*., Case No. 2:18-cv-14091-KM-JBC (D.N.J.).

**1.2.** "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing, and/or emailing of the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in paragraph 7.1) to the Authorized Claimants. Such costs do not include legal fees.

**1.3.** "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

**1.4.** "Awards to Plaintiffs" means the requested reimbursement to Lead Plaintiff and Named Plaintiffs for their reasonable costs and expenses (including lost wages) directly related to Lead Plaintiff's and Named Plaintiffs' representation of the Settlement Class in the Action.

**1.5.** "BioZone" means BioZone Pharmaceuticals, Inc.

**1.6.** "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of New Jersey.

**1.7.** "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

**1.8.** "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or

otherwise, injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, contingent or absolute, disclosed or undisclosed, mature or not matured, discovered or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

    **1.9.**    "Claims Administrator" means Strategic Claims Services ("SCS"), which shall administer the Settlement.

    **1.10.**    "Defendants" means Cocrystal Pharma, Inc. f/k/a BioZone Pharmaceuticals, Inc., Elliot Maza, Gary Wilcox, Jeffrey Meckler, Gerald McGuire, James Martin, Curtis Dale, Phillip Frost, Barry C. Honig, John Stetson, Michael Brauser, John O'Rourke III, Mark Groussman, John H. Ford, Brian Keller, Stetson Capital Investments Inc., Grander Holdings, Inc., ATG Capital LLC, and Melechdavid, Inc.

    **1.11.**    "Defense Counsel" means Perkins Coie LLP, Morvillo Abramowitz Grand Iason & Anello P.C., Wilson Sonsini Goodrich & Rosati Professional Corporation, Milbank LLP, Baker McKenzie LLP, Orrick Herrington & Sutcliffe LLP, Chiesa Shahinian & Giantomasi P.C., and Richard and Richard P.A.

    **1.12.**    "Effective Date" shall have the meaning set forth in ¶ 10.2 of this Stipulation.

    **1.13.**    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court in connection with the Settlement.

**1.14.**   The "Escrow Agent" means SCS or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court in connection with the Settlement.

**1.15.**   "Final," when referring to the Judgment, means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the release in ¶ 6.1 hereof, or shall affect or delay the date on which the Judgment becomes Final.

**1.16.**   "Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, materially in the form attached hereto as Exhibit B.

**1.17.**   "Lead Counsel" means The Rosen Law Firm, P.A.

**1.18.**   "Lead Plaintiff" means Andrew Logie as identified in the Order Appointing Lead Plaintiffs and Lead Counsel (Dkt. No. 12).

**1.19.**   "Named Plaintiffs" means Anthony Pepe and Scot Scruta.

**1.20.**   "Net Settlement Fund" means the Settlement Fund, less: (i) the Fee and Expense Award (as defined below); (ii) Administrative Costs; (iii) Taxes and Tax Expenses; (iv) any Awards to Plaintiffs; and (v) other fees and expenses authorized by the Court.

**1.21.** "Notice" means, collectively, the Notice of Pendency and Proposed Settlement of Securities Class Action ("Long Notice"), the Summary Notice of Pendency and Proposed Securities Class Action Settlement ("Summary Notice"), and the Postcard Notice, which are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

**1.22.** "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

**1.23.** "Party" means any one of, and "Parties" means, Plaintiffs (on behalf of themselves and the Settlement Class) and Defendants.

**1.24.** "Person" means an individual, corporation, fund, limited liability company, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and each of their spouses, heirs, predecessors, successors, representatives, or assigns.

**1.25.** "Plaintiffs" means Andrew Logie, Anthony Pepe, and Scot Scruta.

**1.26.** "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect to the Plan of Allocation.

1.27.    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class Members substantially in the form attached hereto as Exhibit A.

1.28.    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

1.29.    "Related Parties" means, with respect to each Released Party, their immediate family members, heirs, executors, trustees, estates, administrators, successors, assigns, and present and former employees, officers, directors, attorneys, legal representatives, contractors, accountants, insurers, reinsurers, managers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and the present, former and future direct and indirect parents, subsidiaries, divisions, affiliates, predecessors, including but not limited to BioZone, and successors, and the present and former employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, managers, and agents of each of them, and any of the immediate family members, heirs, executors, trustees, estates, administrators, successors, assigns, and present and former employees, officers, directors, attorneys, legal representatives, contractors, accountants, insurers, reinsurers, managers, and agents of each of them.

1.30.    "Released Claims" means and includes any and all Claims (including Unknown Claims as defined in ¶ 1.40), demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory, common law or foreign law, or any other law, rule or regulation, whether known or unknown, contingent or absolute, disclosed

or undisclosed, mature or not matured, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, heretofore have existed, asserted or that could have been asserted directly by or on behalf of any of the Releasing Parties, in any capacity, arising out of or relating to Cocrystal Pharma, Inc. f/k/a BioZone Pharmaceuticals, Inc. or the allegations made in the Action, including based upon the facts, allegations, transactions, claims, matters, events, disclosures, non-disclosures, occurrence, representations, statements, acts, omissions, or failures to act involved, set forth, or referred in the initial complaint and/or Amended Complaint. For the avoidance of doubt, "Released Claims" does not include the claims alleged in three pending shareholder derivative lawsuits, captioned: *Church v. Maza, et al.*, Case No. 2:19-cv-00080 (W.D. Wash.); *Nichols v. Maza, et al.*, Case No. 2:19-cv-16751 (D.N.J.); and *Tutschek v. Schinazi, et al.*, Case No. 2:19-cv-01775 (W.D. Wash.), arising from the same facts alleged in the Action. Notwithstanding the foregoing, "Released Claims" does not include claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.

**1.31.**   "Released Parties" means the Defendants and each of their Related Parties.

**1.32.**   "Releasing Parties" means jointly and severally, individually and collectively, Plaintiffs, each and every Settlement Class Member, and each of their Related Parties.

**1.33.**   "Settlement" means the settlement contemplated by this Stipulation.

**1.34.**   "Settlement Amount" means the sum of $1,265,000 (One Million Two Hundred Sixty Five Thousand U.S. Dollars). The Settlement Amount includes all Administrative Costs, Lead Counsel's attorneys' fees and expenses (as allowed by the Court), Awards to Plaintiffs (as allowed by the Court), Settlement Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

1.35.   "Settlement Class" means all persons and entities who purchased or otherwise acquired the publicly traded securities of Cocrystal and/or BioZone during the Settlement Class Period and were damaged by the alleged market manipulation and/or upon the revelation of the corrective disclosure alleged in the Action. Excluded from the Settlement Class are Defendants and their immediate families, the officers and directors of Cocrystal and/or BioZone at all relevant times, their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Court's Order Granting Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") and persons with no compensable damages.

1.36.   "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.37.   "Settlement Class Period" means the period from September 23, 2013 through September 7, 2018, both dates inclusive.

1.38.   "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

1.39.   "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement set forth in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

1.40.   "Unknown Claims" means and includes any and all claims that one or more Releasing Parties does not know or suspect to exist in his, her or its favor at the time of the release of such claims against the Released Parties. This includes claims which, if known by him, her or

it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision(s) with respect to the Settlement and the Released Claims, including his, her, or its decision to object or not to object to this Settlement. The Parties expressly acknowledge, and the Releasing Parties by operation of the Judgment—shall have, and shall be deemed to have, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law or foreign law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

Plaintiffs or Releasing Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs expressly acknowledge, and the Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

2.      **The Settlement Consideration**

2.1.      Defendants have funded the Escrow Account with the entire Settlement Amount of $1,265,000 (One Million Two Hundred Sixty Five Thousand Dollars) prior to the execution of this Stipulation.

2.2.      Under no circumstances will Defendants be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of attorneys' fees and expenses awarded by the Court, in payment of any fees or expenses incurred by any Settlement Class Member or Lead Counsel, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account). Under no circumstances will any Released Party other than Defendants be required to pay any sum of money in connection with this Settlement.

3.      **Handling and Disbursement of Funds by the Escrow Agent**

3.1.      No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(a)      As provided in ¶ 3.4 below;

(b)      As provided in ¶ 8.2 below;

(c)      As provided in ¶ 10.7 below, if applicable; and

(d)      To pay Taxes and Tax Expenses (as defined in ¶ 4.1(b) below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund, shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior order of the Court.

**3.2.**     The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Parties. Defendants, Defense Counsel, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

**3.3.**     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defense Counsel.

**3.4.**     At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $150,000 (One Hundred Fifty Thousand Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs. After the Effective Date, additional amounts, up to $50,000 (Fifty Thousand Dollars), may be transferred from the Settlement Fund to pay for any necessary additional Administrative Costs without further order of the Court.

**4.     Taxes**

**4.1.**     The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel or their designee shall timely make such elections as necessary or advisable to carry out

the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a)     For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel or their designee. Lead Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(b)     All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file)

the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate. Defendants, Defense Counsel, and the other Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Defendants, Defense Counsel, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any of the foregoing provided in this ¶ 4.1.

5.     **Preliminary Approval Order, Notice, and Settlement Hearing**

**5.1.**     As soon as practicable after execution of this Stipulation, Lead Counsel shall submit this Stipulation and its exhibits to the Court and shall make a motion seeking preliminary approval of the Settlement set forth in this Stipulation, entry of the Preliminary Approval Order, and approval for the dissemination of the Notice. The Preliminary Approval Order to be submitted to the Court shall contain the exhibits substantially in the form set forth in: (i) the Long Notice (Exhibit A-1); (ii) the Proof of Claim (Exhibit A-2); (c) the Summary Notice (Exhibit A-3); and (d) the Postcard Notice (Exhibit A-4). The Notice shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Notice,

the Summary Notice, and the Postcard Notice before they are disseminated or otherwise provided to Settlement Class Members. Defendants shall not object to, or have any responsibility or liability for, Lead Counsel's proposed Plan of Allocation.

**5.2.**     At the time of the submission described in ¶ 5.1 hereof, the Parties, through their counsel, shall jointly request that, after the Notice is provided and the Settlement Class Members are notified of the Settlement, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

**5.3.**     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Cocrystal shall serve on behalf of all Defendants the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA"). At least seven (7) calendar days before the Settlement Hearing, Cocrystal shall cause to be served on Lead Counsel and filed with the Court an affidavit or declaration regarding compliance with the CAFA notice requirements.

**6.     Releases and Covenants Not to Sue**

**6.1.**     Upon the Effective Date, the Releasing Parties, on behalf of themselves and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum,

asserting any Released Claim, in any capacity, against any of the Released Parties, including Defense Counsel. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Judgment.

6.2.     Upon the Effective Date, Defendants, on behalf of themselves and their Related Parties, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, Settlement Class Members, Lead Counsel, and their Related Parties from all Claims, whether known or unknown, which arise out of, concern or relate to the institution, prosecution, settlement or dismissal with prejudice of the Action (the "Defendants' Released Claims"), and shall be permanently enjoined from prosecuting the Defendants' Released Claims against Plaintiffs, Settlement Class Members, Lead Counsel, and their Related Parties. Nothing contained herein shall, however, bar the Defendants or their Related Parties from bringing any action or claim to enforce the terms of this Stipulation or the Judgment.

**7.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

7.1.     Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

7.2.     The Settlement Fund shall be applied as follows:

**(a)**     To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

**(b)**     To pay Administrative Costs;

> **(c)**     To pay Lead Counsel's attorneys' fees with interest and expenses and payments to the Plaintiffs for reimbursement of their time and expenses (the "Fee and Expense Award"), to the extent allowed by the Court; and

> **(d)**     To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶¶ 7.2(a), (b), and (c) hereof (the "Net Settlement Fund"), plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

**7.3.**     Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Long Notice and any orders of the Court.

**7.4.**     This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Judgment becomes Final, no portion of the Settlement Fund will be returned to any of the Defendants. Defendants, Defense Counsel, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court in connection with the Settlement. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

**7.5.**      It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

**7.6.**      To assist in dissemination of notice, the Company will make reasonable efforts to assist Lead Counsel in obtaining information concerning the identity of Settlement Class Members, including any names and addresses of Settlement Class Members and nominees or custodians that exists in the Company's transfer records. The Parties acknowledge that any information provided to Lead Counsel by the Company pursuant to this paragraph shall be treated as confidential and will be used by Lead Counsel solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

**7.7.**      If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants and who receive at least a $10.00 payment; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed

their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Lead Counsel, with the approval of the Court.

8.     **Lead Counsel's Attorneys' Fees and Reimbursement of Expenses**

8.1.     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund to Lead Counsel for: (i) an award of attorneys' fees with interest; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) the Awards to Plaintiffs. Defendants shall take no position with respect to the Fee and Expense Application.

8.2.     Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the Court shall be paid to Lead Counsel from the Settlement Fund within three (3) Business Days after the date the Court enters the Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Judgment. In the event that the Effective Date does not occur, or the Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then Lead Counsel shall be jointly and severally obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses or an amount consistent with any modification of the Judgment with respect to the Fee and Expense Award, including accrued interest at the same rate as is earned by the Settlement Fund. Lead Counsel agrees that

both it and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and they shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court. Furthermore, without limitation, Lead Counsel agree that the Court may, upon application of Defendants, summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for contempt against Lead Counsel should it fail timely to repay fees and expenses pursuant to this paragraph. Any Awards to Plaintiffs shall be paid from the Settlement Fund only after the Effective Date.

8.3.    The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

8.4.    Any award of attorneys' fees and interest and/or expenses to Lead Counsel or Awards to Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. Neither Defendants, Defense Counsel, nor any Released Party shall have any responsibility for payment of Lead Counsel's attorneys' fees and interest, expenses or other Awards to Plaintiffs beyond the obligation of Defendants to cause the funding of the Settlement Amount as set forth in ¶ 2.1 above. Neither Defendants, Defense Counsel, nor any Released Party shall have any responsibility for, or any liability whatsoever with

respect to, any payments to Lead Counsel, Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

9.    **Class Certification**

9.1.    In the Judgment, the Settlement Class shall be certified for purposes of this Settlement, but in the event that the Judgment does not become Final or the Settlement fails to become effective for any reason, all Parties reserve all their rights on all issues, including class certification. For purposes of this Settlement only, in connection with the Judgment, Defendants shall consent to (i) the appointment of Lead Plaintiff as the class representative, (ii) the appointment of Lead Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

10.    **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

10.1.    Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of his or its election to do so ("Termination Notice") to all other Parties within seven (7) Business Days of any of the following:

(i)    entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

(ii)    entry of a Court order refusing to approve this Stipulation in any material respect;

(iii)    entry of a Court order declining to enter the Judgment in any material respect;

(iv)    entry of a Court order refusing to dismiss the Action with prejudice;

(v)    entry of an order by which the Judgment is modified or reversed in any material respect by any appeal or review; and

(vi)    failure on the part of any Party to abide, in any material respect, with the terms of this Stipulation.

In the absence of any of the events enumerated above in this ¶ 10.1, no Party shall have the right to terminate the Stipulation for any reason, other than as set forth in ¶ 10.4.

    **10.2.**   The Effective Date of this Stipulation ("Effective Date") shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

        **(a)**    Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 10.4

        **(b)**    The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

        **(c)**    The Court has approved the Settlement, following notice to the Settlement Class Members and the Settlement Hearing, and has entered the Judgment;

        **(d)**    The Judgment has become Final as defined in ¶ 1.15; and

        **(e)**    The Action has been dismissed with prejudice.

    **10.3.**    Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund shall be absolutely and forever extinguished, except as set forth in this Stipulation.

    **10.4.**    If prior to entry of the Judgment, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto ("Opt-Outs"), and such Persons in the aggregate purchased securities during the Settlement Class Period in an amount greater than the amount specified in a separate

Confidential Supplemental Agreement between the Parties (the "Supplemental Agreement"), then Defendants shall have, each in his, her or its sole and absolute discretion, the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement (hereinafter the "Supplemental Termination Option"). The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the Parties concerning its interpretation or application arises.

10.5.    In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, the Parties shall be restored to their respective positions in the Action immediately prior to July 1, 2020, and they shall proceed in all respects as if the Stipulation had not been executed and any related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice, except that the deadline for Defendants to respond to the Amended Complaint shall be tolled until thirty days after the date on which the Stipulation is terminated or cancelled.

10.6.    In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

10.7.    In the event that the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within seven (7) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less any taxes already paid and any Administrative Costs which have either been disbursed or are

determined to be chargeable) shall be refunded by the Escrow Agent to the entity or entities which contributed to the Settlement Fund, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from said entity or entities. At the request of said entity or entities, the Escrow Agent or their designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to said entity or entities pursuant to written direction received from said entity or entities.

**10.8.**   No order of the Court or modification or reversal on appeal of any order of the Court concerning only the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

**11.   No Admission of Liability or Wrongdoing**

**11.1.**   The Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement, is evidence, or an admission, presumption or concession by any Party, or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged, or that have been or could have been asserted, in the Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding. This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Settling Party, Settlement Class Member, or any Released Parties. Neither this Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement, nor any of the negotiations or

proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; <u>provided</u>, <u>however</u>, that the Stipulation, the Supplemental Agreement, and the Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Supplemental Agreement or Judgment, or provide proof of the Released Claims, or as otherwise required by law.

### 12.     Miscellaneous Provisions

**12.1.**     Except in the event of the filing of a Termination Notice pursuant to ¶¶ 10.1 or 10.4 of this Stipulation or termination notice in accordance with the Supplemental Agreement, the Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

**12.2.**     The Parties and their respective counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

**12.3.**   Each of the attorneys executing this Stipulation, any of its exhibits, and any related settlement documents on behalf of any Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Party he or she represents, respectively.

**12.4.**   Plaintiffs and Lead Counsel represent and warrant that Plaintiffs are Settlement Class Members and none of Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

**12.5.**   This Stipulation, together with the Supplemental Agreement, constitutes the entire agreement between the Parties related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements or other statements have been made to or relied upon by any Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Supplemental Agreement. Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Party shall bear his or its own costs.

**12.6.**   This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties, or their respective counsel or their respective successors in interest.

**12.7.**   This Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective agents, successors, executors, heirs, and assigns.

12.8.   The Released Parties who do not appear on the signature lines below, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

12.9.   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

12.10.   This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

12.11.   This Stipulation, the Settlement, the Supplemental Agreement and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New Jersey without regard to conflict of laws principles.

12.12.   The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

12.13.   The Stipulation shall not be construed more strictly against one party hereto than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

12.14.   Plaintiffs, Lead Counsel, and the attorneys, staff, experts, and consultants assisting them in the Action agree that (a) they have no present intention of assisting or cooperating with

any person or entity in the pursuit of legal action related to the subject matter of the Action against the Released Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the subject matter of the Action, and (c) they will not discuss any confidential matters related to the Action or the Settlement with anyone. Defendants and Defense Counsel agree that (a) they have no present intention of assisting or cooperating with any person or entity in the pursuit of legal action related to the subject matter of the Action against Plaintiffs, Settlement Class Members, Lead Counsel, and their Related Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm Plaintiffs, Settlement Class Members, Lead Counsel, and their Related Parties with respect to any matter relating to the subject matter of the Action, and (c) they will not discuss any confidential matters related to the Action, or the Settlement with anyone.

12.15.  All agreements by, between or among the Parties, their respective counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

12.16.  The Parties shall not assert or pursue any action, claim or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure, any corollary state law rule or statute, and/or the PSLRA in connection with the Action, the Settlement, the Stipulation or the Supplemental Agreement. The Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith

litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure, any corollary state law rule or statute, and/or the PSLRA.

12.17.   Any failure by any of the Parties to insist upon the strict performance by any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Parties.

12.18.   The waiver, express or implied, by any Party of any breach or default by any other Party in the performance of such Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

12.19.   The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated:  August 17, 2020

**THE ROSEN LAW FIRM, P.A.**

By:

Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

and

Phillip Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

and

Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, Pennsylvania 19046
Tel: (215) 600-2817
Fax: (212) 202-3827
Email: jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

Dated:  August ___, 2020

**PERKINS COIE LLP**

By: _____

Jeffrey D. Vanacore
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036
Tel.: (212) 262-6912
Fax: (212) 977-1642
Email: jvanacore@perkinscoie.com

Ronald L. Berenstain (*pro hac vice*)
Sean Knowles (*pro hac vice*)
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Tel: (206) 359-8000
Fax: (206) 359-9000
Email: rberenstain@perkinscoie.com
Email: sknowles@perkinscoie.com

*Counsel for Defendants Cocrystal Pharma, Inc.,*
*Gary Wilcox, Jeffrey Meckler, Gerald McGuire,*
*James Martin, and Curtis Dale*

Dated:  August ___, 2020

**MORVILLO ABRAMOWITZ GRAND IASON**
**& ANELLO P.C.**

By: _____
Russell J. Feldman
Robert J. Anello (*pro hac vice*)
Edward M. Spiro (*pro hac vice*)
565 Fifth Avenue
New York, NY 10017
Tel: (212) 880-9520
Email: ranello@maglaw.com

*Counsel for Defendant Phillip Frost*

Dated: August ___, 2020

**PERKINS COIE LLP**

By: _____

Jeffrey D. Vanacore
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036
Tel.: (212) 262-6912
Fax: (212) 977-1642
Email: jvanacore@perkinscoie.com

Ronald L. Berenstain (*pro hac vice*)
Sean Knowles (*pro hac vice*)
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Tel: (206) 359-8000
Fax: (206) 359-9000
Email: rberenstain@perkinscoie.com
Email: sknowles@perkinscoie.com

*Counsel for Defendants Cocrystal Pharma, Inc.,
Gary Wilcox, Jeffrey Meckler, Gerald McGuire,
James Martin, and Curtis Dale*

Dated: August 17, 2020

**MORVILLO ABRAMOWITZ GRAND IASON
& ANELLO P.C.**

By: _____

Russell J. Feldman
Robert J. Anello (*pro hac vice*)
Edward M. Spiro (*pro hac vice*)
565 Fifth Avenue
New York, NY 10017
Tel: (212) 880-9520
Email: ranello@maglaw.com
Email: espiro@maglaw.com
Email: rfeldman@maglaw.com

*Counsel for Defendant Phillip Frost*

Dated:  August  16 , 2020

**WILSON SONSINI GOODRICH & ROSATI**
**PROFESSIONAL CORPORATION**

By:  _____
Michael Sommer
Adam Toporovsky
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7728
Facsimile: (212) 999-5899
Email: msommer@wsgr.com

*Counsel for Defendant Barry Honig*

Dated:  August ___, 2020

**MILBANK LLP**

By:  _____
Adam Fee
George Canellos
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
Fax: (212) 530-5219
Email: afee@milbank.com
Email: gcanellos@milbank.com

*Counsel for Defendants John Stetson and Stetson*
*Capital Investments, Inc.*

Dated:  August ___, 2020

**WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION**

By: _____
Michael Sommer
Adam Toporovsky
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7728
Facsimile: (212) 999-5899
Email: msommer@wsgr.com

*Counsel for Defendant Barry Honig*

Dated:  August 17, 2020

**MILBANK LLP**

By: _____
Adam Fee
George Canellos
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
Fax: (212) 530-5219
Email: afee@milbank.com
Email: gcanellos@milbank.com

*Counsel for Defendants John Stetson and Stetson
Capital Investments, Inc.*

Dated:  August 17, 2020

**GIBBONS P.C.**

By: _____
Kate Janukowicz
One Gateway Center
Newark, NJ 07102
Tel: (973)596-4500
Email: kjanukowicz@gibbonslaw.com


**BAKER MCKENZIE LLP**
Perrie Weiner
Edward Totino
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 201-4728
Email: perrie.weiner@bakermckenzie.com
Email: edward.totino@bakermckenzie.com

*Counsel for Defendants Mark Groussman and Melechdavid, Inc.*

Dated:  August ___, 2020

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: _____
Randy Luskey
405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5775
Email: rluskey@orrick.com

*Counsel for Defendants John O'Rourke III and ATG Capital LLC*

Dated:  August ___, 2020                    **GIBBONS P.C.**


                                            By: _____
                                            Kate Janukowicz
                                            One Gateway Center
                                            Newark, NJ 07102
                                            Tel: (973)596-4500
                                            Email: kjanukowicz@gibbonslaw.com


                                            **BAKER MCKENZIE LLP**
                                            Perrie Weiner
                                            Edward Totino
                                            1901 Avenue of the Stars, Suite 950
                                            Los Angeles, CA 90067
                                            Tel: (310) 201-4728
                                            Email: perrie.weiner@bakermckenzie.com
                                            Email: edward.totino@bakermckenzie.com

                                            *Counsel for Defendants Mark Groussman and*
                                            *Melechdavid, Inc.*


Dated:  August 14, 2020                     **ORRICK, HERRINGTON & SUTCLIFFE**
                                            **LLP**

                                            By: _____
                                            Randy Luskey
                                            405 Howard Street
                                            San Francisco, CA 94105
                                            Tel: (415) 773-5775
                                            Email: rluskey@orrick.com

                                            *Counsel for Defendants John O'Rourke III and*
                                            *ATG Capital LLC*

Dated:  August 17, 2020

**CHIESA SHAHINIAN & GIANTOMASI P.C.**

By: _A. Ross Pearlson_

A. Ross Pearlson
One Boland Drive
West Orange, NJ 07052
Tel: (973) 530-2100
Email: rpearlson@csglaw.com

*Counsel for Defendant John Ford*

Dated:  August ___, 2020

**RICHARD AND RICHARD, P.A.**

By: _____
Dennis Richard
Melissa L. Mackiewicz
825 Brickell Bay Drive
Tower III, Suite 1748
Miami, FL 33131
305.374.6688
dennis@richardandrichard.com
melissa@richardandrichard.com

*Counsel for Defendants Michael Brauser and
Grander Holdings, Inc.*

Dated:  August ___, 2020

_____
Elliot Maza
*Pro Se*

Dated:  August ___, 2020

_____
Brian Keller
*Pro Se*

Dated:  August ___, 2020

**CHIESA SHAHINIAN & GIANTOMASI P.C.**

By: _____
A. Ross Pearlson
One Boland Drive
West Orange, NJ 07052
Tel: (973) 530-2100
Email: rpearlson@csglaw.com

*Counsel for Defendant John Ford*

Dated:  August **17**, 2020

**RICHARD AND RICHARD, P.A.**

By: _____
Dennis Richard
Melissa L. Mackiewicz
825 Brickell Bay Drive
Tower III, Suite 1748
Miami, FL 33131
305.374.6688
dennis@richardandrichard.com
melissa@richardandrichard.com

*Counsel for Defendants Michael Brauser and
Grander Holdings, Inc.*

Dated:  August ___, 2020

_____
Elliot Maza
*Pro Se*

Dated:  August ___, 2020

_____
Brian Keller
*Pro Se*

Dated:  August ___, 2020

**CHIESA SHAHINIAN & GIANTOMASI P.C.**

By: _____
A. Ross Pearison
One Boland Drive
West Orange, NJ 07052
Tel: (973) 530-2100
Email: rpearlson@csglaw.com

*Counsel for Defendant John Ford*

Dated:  August ___, 2020

**RICHARD AND RICHARD, P.A.**

By: _____
Dennis Richard
Melissa L. Mackiewicz
825 Brickell Bay Drive
Tower III, Suite 1748
Miami, FL 33131
305.374.6688
dennis@richardandrichard.com
melissa@richardandrichard.com

*Counsel for Defendants Michael Brauser and
Grander Holdings, Inc.*

Dated:  August 17, 2020

_____
Elliot Maza
*Pro Se*

Dated:  August ___, 2020

_____
Brian Keller
*Pro Se*

Dated:  August ___, 2020

**CHIESA SHAHINIAN & GIANTOMASI P.C.**

By: _____
A. Ross Pearlson
One Boland Drive
West Orange, NJ 07052
Tel: (973) 530-2100
Email: rpearlson@csglaw.com

*Counsel for Defendant John Ford*

Dated:  August ___, 2020

**RICHARD AND RICHARD, P.A.**

By: _____
Dennis Richard
Melissa L. Mackiewicz
825 Brickell Bay Drive
Tower III, Suite 1748
Miami, FL 33131
305.374.6688
dennis@richardandrichard.com
melissa@richardandrichard.com

*Counsel for Defendants Michael Brauser and
Grander Holdings, Inc.*

Dated:  August ___, 2020

_____
Elliot Maza
*Pro Se*

Dated:  August 17, 2020

_____
Brian Keller
*Pro Se*